19-1641
Sangurima-Nieves v. Garland

BIA
Christensen, IJ
A205 956 325/326/327

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand twenty-two.

PRESENT:
JOSÉ A. CABRANES,
RICHARD J. SULLIVAN,
STEVEN J. MENASHI,
*Circuit Judges.*

_____

ROSA ELVIRA SANGURIMA-NIEVES,
JENNY MARCIELA GALLEGOS-
SANGURIMA, MARIA FLOR AREVALO-
SANGURIMA,
*Petitioners,*

v.                                                    19-1641
                                                      NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONERS:         H. Raymond Fasano, Esq., Youman,
                         Madeo & Fasano, LLP, New York, NY.

**FOR RESPONDENT:** Joseph H. Hunt, Assistant Attorney General; Linda S. Wernery, Assistant Director; Steven K. Uejio, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Rosa Elvira Sangurima-Nieves, Jenny Marciela Gallegos-Sangurima, and Maria Flor Arevalo-Sangurima, natives and citizens of Ecuador, seek review of a May 7, 2019 decision of the BIA affirming a November 17, 2017 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Rosa Elvira Sangurima-Nieves*, *Jenny Marciela Gallegos-Sangurima*, *Maria Flor Arevalo-Sangurima*, Nos. A205 956 325/326/327 (B.I.A. May 7, 2019), *aff'g* No. A205 956 325/326/327 (Immig. Ct. N.Y. City Nov. 17, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the decision of the IJ as supplemented and modified by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d

2

268, 271 (2d Cir. 2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005).  We review the agency's factual findings for substantial evidence, and we review questions of law, and applications of law to facts de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").  We deny the petition because substantial evidence supports the agency's determination that Petitioners failed to establish the Ecuadorian government was or would be unable or unwilling to protect them.

To obtain asylum or withholding of removal, an applicant must establish past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant."   8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b)(1), (2). Humanitarian asylum may be granted in the absence of a fear of future persecution, but it requires a showing of past persecution and "compelling reasons for being unwilling or

3

unable to return to the country arising out of the severity of the past persecution." *Tao Jiang v. Gonzales*, 500 F.3d 137, 140 (2d Cir. 2007) (internal quotation marks omitted); *see also* 8 C.F.R. § 1208.13(b)(1)(iii)(A).

"To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Scarlett v. Barr*, 957 F.3d 316, 328 (2d Cir. 2020) (internal quotation marks omitted); *see also Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006) ("[I]t is well established that private acts may be persecution if the government has proved unwilling to control such actions."). "Under the unwilling-or-unable standard, a finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims." *Singh v. Garland*, 11 F.4th 106, 114–15 (2d Cir. 2021) (internal quotation marks omitted).

The agency reasonably found that the record did not reflect an unwillingness on the part of Ecuadorian

4

authorities to intervene to protect Petitioners, who are Catholic, from violence at the hands of their former in-laws, who are Evangelical Christians. Ecuadorian police accepted a complaint about a 2003 assault, launched an investigation, and referred the complaint to a provincial court for prosecution. The agency reasonably concluded that Petitioners' allegation that the prosecutor was bribed to dismiss the case was too speculative given the lack of evidence to corroborate that assertion. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

Petitioners have also failed to establish that the agency overlooked or ignored country conditions evidence documenting a decline in Catholicism and rise in Evangelicalism in Latin America and describing an attack on Catholic worshippers in Ecuador by a group of Evangelicals. "[W]e presume that [the agency] has taken into account all of the evidence . . . unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006). The record here does not suggest that the IJ ignored such evidence; to the contrary,

the IJ acknowledged Petitioners' evidence demonstrating that Catholicism is on the decline in Latin America but noted that Catholicism remained the majority religion.  He also noted evidence of an attack on Catholics, but reasoned that the record revealed police efforts to intervene in that attack.

We do not reach Petitioners' remaining arguments because the failure to show that Ecuadorian authorities are unwilling or unable to control this type of violence is dispositive of asylum, humanitarian asylum, and withholding of removal.[1] *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule, courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

[1] Petitioners do not challenge the denial of their CAT claim.

6